IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| WORLDWIDE DIGITAL ENTERTAINMENT, LLC; PIRACY RECOVERY, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2:13-CV-136 |
| MELLOW MUSHROOM OF JOHNSON CITY, LLC, et al, | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS OR IN THE ALTERNATIVE TO SEVER**

Mellow Mushroom of Johnson City, LLC, ("Mellow Mushroom") by counsel, submits the following as its Memorandum in Support of its Motion to Dismiss or in the Alternative to Sever.

FACTS

Worldwide Digital Entertainment, LLC and Piracy Recovery LLC are plaintiffs in this matter alleging copyright infringement, trademark infringement and unfair competition. There are nineteen named defendants as well as "John Does 1-10, John Does, Inc., 1-10 and John Does, LLC, 1-10." The vast majority of the Complaint consists of generalized descriptions of karaoke and related businesses.

The only attempt at specifics regarding this defendant are the "exemplary infringements" contained on Exhibit A. However, Exhibit A contains only one instance

1

of one song that had allegedly been played at this defendant's restaurant. Neither the Complaint nor Exhibit A indicate which of the plaintiffs has been assigned the copyright for "Mountain Music," the trademark for Chartbuster or whether the mark was displayed during this particular event. Although the plaintiffs claim to have evidence of additional infringements, no facts have been alleged regarding them.

STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must construe the Complaint in the light most favorable to the plaintiff, however under the Supreme Court's rulings in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "to survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide 'more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do.'" *Bellman v. United States* 304 Fed. App. 371, 374 (6th Cir. 2008) citing *Ass'n of Cleveland Firefighters*, 502, 545, 548 (6th Cir. 2007) citing (*Twombly*, 550 U.S. at 555)). "The factual allegations assumed to be true must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555-556).

Under Federal Rule of Civil Procedure 20, plaintiffs may only be joined in one action if they assert a joint right, a right arising out of the same transaction or occurrence or there is a question of law or fact common to all plaintiffs. Defendants may only be

2

joined when there is right asserted against them jointly, severally or arising out of the same transaction or occurrence.

## LAW AND ARGUMENT

1. The Plaintiffs Have Failed To State A Claim.

   A. The Plaintiffs Have Failed to State a Claim for Copyright Infringement.

Copyright infringement has two elements: (1) the ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *Bridgeport Music Inc. v. WB Music Corp.,* 508 F.3d 394, 398 (6th Cir. 2007).

The generalized allegations of the Complaint are contradictory regarding the works that were created and copyrighted and the rights of the plaintiffs to them. *Compare* Compl. at ¶¶ 28-33 *with* ¶ 57.

The plaintiffs do not claim any right in the song "Mountain Music" by Alabama. Rather, they claim that some predecessor obtained rights in some songs, then karaoke versions of songs were created by some entity, which karoke versions were later copyrighted as new works, and that the karaoke "catalog" was later assigned. The Complaint does not contain any specific information regarding the rights of any particular karaoke version of a song. The Complaint also does not state whether copyrights are owned by each plaintiff or both or whether one plaintiff owns the rights to some songs and not others. Therefore, plaintiffs have failed to state of claim of copyright infringement.

Further, the vague assertions of additional instances of infringement fail to state a claim for additional violations. Rather, the plaintiffs must state which of them own a

3

specific copyright, the work that was copyrighted and the instance in which the plaintiffs claim the copyright was infringed. Also, the assertion that facts can be developed in discovery does not satisfy the pleading standard. When a complaint is factually deficient, a plaintiff is not entitled to discovery "cabined or otherwise." *Id.* at 1954.

### B. The Plaintiffs Have Failed to Allege Contributory Infringement.

As to Mellow Mushroom, the plaintiffs do not allege any direct infringement. Rather, the plaintiffs claim that a karaoke DJ played an infringing song at its restaurant. In the allegations of the Complaint, the infringement generally involved the playing of a song and display of materials that appeared to be a legitimate version of copyrighted material. In order for the plaintiffs to state a claim against Mellow Mushroom, the plaintiffs must allege Mellow Mushroom had knowledge of infringing activity, that induced, caused or materially contributed to infringing conduct of another. *Bridgeport Music Inc. v. WB Music Corp.,* 508 F.3d 394 (6th Cir. 2007). Contributory liability occurs when a defendant encourages or induces another to engage in copyright infringement. *See id.*

The allegations of the Complaint fail to show that Mellow Mushroom knew or should have known that a song, which according to the allegations of the Complaint appeared to be a legitimate version of a copyrighted work, was actually pirated. Therefore, plaintiffs have failed to allege any facts upon which Mellow Mushroom induced copyright infringement.

4

C. The Plaintiffs Have Failed to State a Claim for Trademark Infringement.

To state a claim for a trademark infringement under the Lanham Act, a plaintiff must allege facts establishing that (1) it owns the registered trademark, (2) the defendant used the mark in commerce, and (3) the use was likely to cause confusion. *Hensley Mfg. v. ProPride, Inc.* 579 F.3d 603, 609 (6th Cir. 2009).

The plaintiffs have not identified which of them or either owns the trademark of Chartbuster in this matter. As such, it has failed to state a claim.

The plaintiffs allege no direct trademark infringement by Mellow Mushroom. Similar to copyright infringement, contributory trademark infringement can only occur if a defendant "continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement." *Coach, Inc. v. Goodfellow*, No. 12-5666, 2013 U.S. App. LEXIS 10976, at *20 (6th Cir. May 31, 2013).

The plaintiffs have failed to allege that Mellow Mushroom knew of any specific infringing use of its mark by a karaoke DJ at its restaurant. The plaintiffs have merely alleged generalized claims of pirating in the music industry as a whole. These allegations are insufficient to support a claim against this defendant here.

D. The Plaintiffs Have No Unfair Competition Claim.

The plaintiffs have failed to state a claim for unfair competition for the same reason. The plaintiffs have not alleged any direct infringement by Mellow Mushroom causing unfair competition. Moreover, the plaintiffs have not even alleged contributory infringement under this count. Regardless, the plaintiffs have failed to state a claim for contributory infringement or unfair competition. "The vast majority of contributory

5

infringement cases have concerned manufacturers who sold generic products to retailers and either encouraged these retailers to infringe a trademark or, knowing that these retailers were infringing a trademark, continued to supply the products." *Transdermal Products, Inc. v. Performance Contract Packaging, Inc.,* 943 F.Supp. 551 (E.D. Penn.1996). "Inadvertent participation in infringing activities does not give rise to contributory liability. *Fonovisa, Inc. v. Cherry Auction, Inc.,* 76 F.3d 259, 264 (9th Cir. 1996).

2. The Plaintiffs Are Misjoined.

The plaintiffs have failed to identify their specific rights, in particular as to a song allegedly played at Mellow Mushroom - - the ownership of a copyright in a karaoke version of "Mountain Music" - - as well as how the rights to the original song were obtained in order for the predecessors to the plaintiffs who created a copyrighted work and the assignment of the rights in that particular version of the song allegedly performed at defendant's restaurant. As a result, the plaintiffs have not shown they are entitled to assert any joint or several right or that this event arises out of the same transaction or occurrence. *See* Fed. R. Civ. P. 20(a). Thus, the plaintiffs are misjoined.

3. The Defendants Are Misjoined.

Likewise, the plaintiffs allege various violations of their rights by different karaoke DJs at various venues. It is clear from the Complaint that none of these instances at other venues is related in any way to any allegations against Mellow Mushroom. "To be joined, parties must assert rights, or have rights asserted against them, that arise from related activities – a transaction or an occurrence or a series thereof." *Bridgeport Music Inc. v.*

6

Abingdon: 854452-1
Case 2:13-cv-00136-RLJ-MCLC   Document 34   Filed 07/18/13   Page 6 of 9   PageID #: 195

*11C Music,* 202 F.R.D. 229, 231 (M.D. Tenn. 2001). In *Bridgeport*, the Court found that each song represented a discrete occurrence and defendants were misjoined in a copyright action.

The same result is true here. The plaintiffs have not identified any common transaction at issue between the various defendants. Rather, the Complaint makes clear that different alleged copyright and trademarked versions of karaoke songs were played by various karaoke DJs at different restaurants on different days. Each of these occurrences would involve discovery and a set of facts that are unrelated to one another under Rule 20. Therefore, this case should be dismissed or in the alternative should be severed as to each defendant.

Further, as a practical matter, as the Court pointed out in *Bridgeport*, the enormity of the number of defendants make such a case impracticable for courtroom logistics as well as discovery involving "an overwhelming onslaught of materials and information unrelated to the specific claims against" each defendant. *Id.* at 232.

## CONCLUSION

For the above stated reasons, this case should be dismissed as to Mellow Mushroom or in the alternative be severed.

MELLOW MUSHROOM OF JOHNSON CITY, LLC

By Counsel

Cameron S. Bell
BPR No. 21388
Penn, Stuart & Eskridge
P.O. Box 2288
Abingdon, Virginia 24212
(276) 628-5151
(276) 623-1730 (facsimile)
cbell@pennstuart.com

By  */s/ Cameron S. Bell*
       Cameron S. Bell

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Michael Robinson, Esq., Matthew M. Googe, Esq., Michael J. Bradford, Esq., counsel for plaintiff, and Kelli L. Thompson, counsel for Quality Restaurant Concepts, LLC., and via U.S. mail to the following:

| | |
|---|---|
| Woodstone Deli and Sports Grill<br>3500 Fort Henry Drive<br>Kingsport, TN 37664 | Neil McMurray<br>d/b/a Just 4 Kix Karaoke<br>1603 Lynn Garden Drive<br>Kingsport, TN 37665 |
| Michael McMurray<br>d/b/a Krackerjack Karoke<br>1907 Park Street<br>Kingsport, TN 37664 | Scully's Bar & Grill, Inc.<br>3103 N. Roan Street<br>Johnson City, TN 37601 |

8

Abingdon: 854452-1
Case 2:13-cv-00136-RLJ-MCLC   Document 34   Filed 07/18/13   Page 8 of 9   PageID #: 197

| | |
|---|---|
| Conley's Overlook LLC<br>112 Tory Lane<br>Kingsport, TN 37660 | Todd Dolehanty<br>1309 Holly Court<br>Bristol, TN 37620 |
| Ronald Hutchins<br>d/b/a Star Search Karaoke<br>1608 Highpoint Ave.<br>Kingsport, TN 37665 | Jeffery D's Sports N'Cigar Bar<br>1403 Bluff City Highway<br>Bristol, TN 37620 |
| Biggies TN LLC<br>417 W. Stone Drive<br>Kingsport, TN 37660 | Numan's Café & Sports Bar<br>225 E. Main Street<br>Johnson City, TN 37604 |
| Joshua Fields<br>d/b/a Nite Life Karaoke<br>1725 Jefferson Ave.<br>Kingsport, TN 37664 | Kingsport Lodge No. 972, Loyal Order of Moose<br>301 East Main Street<br>Kingsport, TN 37660 |
| Hulsing Hotels Tennessee, Inc.<br>101 Springbrook Drive<br>Johnson City, TN 37604 | Hackler-Wood Post No. 145, Incorporated<br>515 Marion Avenue<br>Bristol, TN 37620 |
| Emma Cole<br>d/b/a Karoke Klub and/or<br>d/b/a Karoke With Emma<br>1403 Charity Hill Road<br>Elizabethton, TN 37643 | Mike Butler<br>d/b/a Paradise Productions and Entertainment<br>332 R. Miller Road<br>Piney Flats, TN 37686 |
| Bob Eaton<br>d/b/a Night Train Karaoke<br>214 Douglas Chapel Road<br>Jonesborough, TN 37659 | |

                                                 */s/ Cameron S. Bell*
                                                    Cameron S. Bell

9

Abingdon: 854452-1
Case 2:13-cv-00136-RLJ-MCLC   Document 34   Filed 07/18/13   Page 9 of 9   PageID #: 198