IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| WORLDWIDE DIGITAL ENTERTAINMENT, LLC, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 2:13-CV-136 |
| WOODSTONE DELI AND SPORTS GRILL *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This civil action is before the court for consideration of the "Motion to Dismiss or in the Alternative to Sever" filed by defendant, Mellow Mushroom of Johnson City, LLC, [doc. 33]; the "Motion of Numans Café & Sports Bar to Dismiss or Sever Plaintiffs' Complaint Filed Against it Pursuant to Federal Rule of Civil Procedure 21" [doc. 58]; and "Defendant Quality Restaurant Concepts, LLC's Motion to Dismiss and/or Sever" [doc. 60]. The motions have been fully briefed and are ripe for the court's determination. Oral argument is unnecessary. For the reasons that follow, the motions will be granted to the extent that these three defendants seek severance from this action.

## I.

*Background*

Plaintiffs filed this civil action against 19 named defendants and 30 John Doe defendants alleging copyright infringement, trademark infringement, and violation of common law. Plaintiff, Worldwide Digital Entertainment, LLC, asserts in the complaint that it holds copyrights for karaoke songs, including the songs allegedly infringed by the defendants. Plaintiff, Piracy Recovery, LLC, asserts in the complaint that it is the owner of the trademark "Chartbuster Karaoke." The named defendants in the complaint include eating and drinking establishments and disc jockeys or "karaoke jockeys" ("KJs"). The complaint includes information concerning how karaoke works and allegations concerning how KJs use karaoke recordings without valid licenses.

## II.

*Analysis*

<u>Legal Standard for Joinder and Misjoinder</u>

In all three motions before the court, the defendants seek, at least in part, to be severed from this action because they have been improperly joined as defendants. Federal Rule of Civil Procedure 20(a)(2) provides:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same

2

> transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

In addition, Rule 21 provides: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

"The purpose of [Rule 20(a)] is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974); *see also Bridgeport Music, Inc. v. 11C Music*, 202 F.R.D. 229, 231 (M.D. Tenn. 2001). This purpose is in accord with the underlying principle of the Federal Rules of Civil Procedure to permit "the broadest possible scope of action consistent with fairness to the parties." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

> The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action.

*Mosley*, 497 F.2d at 1333.

The common question test "does not require that all questions of law and fact raised by the dispute be common. Yet, neither does it establish any qualitative or quantitative test of commonality." *Id*. at 1334. This test is usually easy to satisfy. *Bridgeport Music,* 202

3

F.R.D. at 231 (citing 4 James Wm. Moore *et al.*, *Moore's Federal Practice* ¶ 20.04 (3d ed. 1999)).

The transactional test is "more forbidding" and "requires that, to be joined, parties must assert rights, or have rights asserted against them, that arise from related activities – a transaction or an occurrence or a series thereof." *Id*. (citations omitted). The test is not easily applied and "generally requires a case by case analysis." *Id*. at 232. Whether to allow permissive joinder is within the sound discretion of the district court. *State of Ohio ex rel. Fisher v. Louis Trauth Dairy*, 856 F. Supp. 1229, 1239 (S. D. Ohio 1994) (citing *Swanigan v. Amadeo Rossi, S.A.*, 617 F. Supp. 66, 67 (E. D. Mich. 1985)).

Motion of Numans Café & Sports Bar

Numans's motion to dismiss or sever is brought pursuant to Fed. R. Civ. P. 21. Numans argues that it has been improperly joined as a defendant because there is no connection between "the activity, date, time, place or music" it allegedly improperly used and the activity of any of the other defendants. Numans further asserts that plaintiff makes only broad allegations and offers generalized concepts of transactions and occurrences as they contend that "at least some of the Defendants swapped Plaintiffs' copyrighted works . . . with one another . . ." and that "at least some of the Defendant venues engaged services of some of the Defendant KJs . . . ." According to its answer, Numans purchased karaoke discs and one of its employees serves as the KJ. Exhibit A reflects that Numans used an in-house KJ

4

on the date of the alleged infringement activity. Numans points out that plaintiffs allege that it infringed just one song, at one time and date, on one registration. Thus Numans concludes that there is no relationship or connection between the defendants and no concerted action or business involvement between the defendants, and thus no "series of transactions or occurrences by the various defendants in this case" support joinder. In support of its arguments, Numans relies on *The Bicycle Peddler, LLC v. Does 1-81*, No. 3:13-CV-79, 2013 WL 3975593 (E.D. Tenn. July 31, 2013) in which the magistrate judge found, and the district judge confirmed, that joinder of the defendants was improper because the alleged infringements were a series of discrete transactions that could not be considered a single transaction, occurrence, or series of occurrences. The case involved alleged downloads of a motion picture that took place at different times, dates, and over a span of two months involving what is referred to as BitTorrent copyright infringement. Numans also relies on *Slep-Tone Entertainment Corp. v. Mainville*, No. 3:11-cv-00122, 2011 WL 4713230 (W.D.N.C. Oct. 6, 2011); *Slep-Tone Entertainment Corp. v. Ellis Island Casino & Brewery*, No. 2:12-CV-00239-KJD-NJK, 2013 WL 530905 (D. Nev. Feb. 11, 2013); and *Slep-Tone Entertainment Corp. v. Roberto*, No. 12-cv-5750, 2013 WL 5748896 (N.D. Ill. Oct. 22, 2013). These three cases specifically involve alleged infringement of karaoke trademarks by multiple defendants, and resulted in the moving defendants being severed.

Plaintiffs argue that the facts alleged are sufficient to show that their claims arise out of the same series of transactions or occurrences. They assert, as noted above, that

5

some of the defendants swapped their copyrighted works and that some of the defendants engaged the services of the defendant KJs. Plaintiffs contend that the defendants are a small group of Karaoke venues and KJs in the Tri-Cities area. Plaintiffs further argue that this case is distinguishable from *The Bicycle Peddler* and *Roberto*.

The court agrees with Numans that plaintiffs have not alleged sufficient facts to support the joinder of this defendant with all the others. Plaintiffs' averments that some of the defendants swapped copyrighted works and some of the defendant venues engaged defendant KJs are merely vague assertions and unsupported conclusions that do not link all of the defendants. Exhibit A to the complaint, which is a chart containing information regarding the alleged infringement of plaintiffs' copyrights and trademarks by defendants, does not support plaintiffs' contention that the defendants are connected because it identifies what is a series of discreet transactions involving different defendants, different dates and different alleged infringements of copyrighted songs.

With regard to Numans, Exhibit A asserts that on September 30, 2012, an in-house KJ allegedly played a Garth Brooks song copyrighted by plaintiffs. Numans is not connected to one of the defendant KJs or with any of the other listed defendants, dates or copyrighted songs. While some of the listed copyright registration numbers on Exhibit A are the same, that alone is insufficient to link the defendants to the other alleged violations that occurred on different dates at different venues. The alleged infringements by Numans and the other defendants are discrete transactions that do not comprise the same transaction or

occurrence or series of transactions of occurrences.

> Obviously, the infringement of any trademark, copyright, or patent originates from a common ultimate source, that being the trademark, copyright, or patent itself. Here, Defendants may have committed the same type of violation in the same way, but, again, that does not link defendants together for purposes of joinder. There is no allegation that the twenty-three Defendants sued here acted in concert. Although each Defendant allegedly infringed upon the same trademark, each Defendant allegedly did so separately, in time and place, from the other Defendants with no knowledge that the other Defendants were also engaged in any alleged infringement of their own. . . . Of particular concern to the Court is the lack of any connection between the claims against the various Defendants. It appears that theses cases are really separate lawsuits combined together for no apparent reason except to avoid paying filing fees.

*Mainville*, 2011 WL 4713230, at *4-5 (internal quotation marks and citation omitted); *see also The Bicycle Peddler*, 2013 WL 3975593 (in BitTorrent infringement case alleged downloads contained in exhibit to complaint occurred over two month span at different dates and times which court found to be discrete transactions that could not be single transaction, occurrence, or series of transactions or occurrences.); *Bridgeport Music,* 202 F.R.D. 229 (in copyright infringement case court found songs and activities leading to production and distribution of songs not series of transactions or occurrences – each song represented discreet occurrence.). Again, plaintiffs' non-specific assertions regarding "some" of the defendants swapping copyrighted songs and engaging the services of defendant KJs are insufficient to link the defendants or to demonstrate that the defendants engaged in the same transaction or occurrence or series of transactions of occurrences. Accordingly, Numans's

7

motion to sever is well taken and will be granted.

Motion of Quality Restaurant Concepts, LLC

Quality Restaurant Concepts, LLC ("QRC") has moved pursuant to Rule 21 to be dismissed or severed from this case. QRC argues that the only paragraph in the complaint that specifically addresses QRC is paragraph 15, in which plaintiffs assert that QRC operates two Applebee's restaurants, one in Bristol, Tennessee and one in Elizabethton, Tennessee.[1] The other reference to QRC is in Exhibit A to the complaint. In Exhibit A, plaintiffs represent that on October 11, 2012, Night Train Karaoke played "He Stopped Loving Her Today" by George Jones at the Elizabethton Applebee's. QRC points out that the song, date and time, and KJ are not the same as any of the other alleged infringements attributable to the other defendants. QRC argues that plaintiffs cannot meet the transactional test because every alleged infringement is unrelated to any of the other alleged infringements. Thus, QRC maintains that the defendants were not involved in the same transaction or occurrence. In support of its position, QRC also relies in part on *The Bicycle Peddler*.

Plaintiffs argue *inter alia* that the allegations in the complaint meet the transactional test because "at least some of the Defendants swapped Plaintiffs' copyrighted works (in the form of CDGs) with one another." Plaintiffs also assert that some defendants engaged the services of some of the KJ defendants. On Exhibit A, it is alleged that QRC

---

[1] The complaint contains 109 numbered paragraphs.

engaged defendant Bob Eaton d/b/a Night Train Karaoke on October 11, 2012. Plaintiffs also argue that *The Bicycle Peddler* is distinguishable because the case involved BitTorrent infringement and a larger number of defendants.

For the same reasons discussed above, the court finds that QRC's motion is also well taken. Even though according to Exhibit A QRC allegedly engaged defendant Night Train Karaoke on a specific date, that fact alone is not sufficient to alter the court's analysis. While that circumstance may connect QRC with one other defendant, it does not connect the claims against QRC with all the other defendants to justify joinder. Further, while *The Bicycle Peddler* involved BitTorrent infringement, that fact is not a significant enough distinction to make that court's analysis and findings inapplicable to this case. Therefore, QRC's motion for severance will also be granted.

Motion of Mellow Mushroom of Johnson City, LLC

Mellow Mushroom of Johnson City, LLC ("Mellow Mushroom") has moved under Fed. R. Civ. P. 12(b)(6) for dismissal of the claims asserted against it and alternatively under Rule 21 to be severed from the other defendants. The Mellow Mushroom contends that it too has been improperly joined as a defendant in this case. It argues that the plaintiffs have not identified any common transaction at issue between the various defendants, as it is clear that different karaoke songs were played by various KJs at different venues on different dates. Thus, each occurrence would involve facts and discovery unrelated to the other

9

alleged incidents of infringement. The Mellow Mushroom argues therefore that the defendants should not have to endure discovery unrelated to them because plaintiffs want the convenience of one case.

Plaintiffs make the same arguments enumerated above regarding the alleged swapping of songs by some of the defendants and that some of the defendant KJs performed at various defendants' venues. Plaintiff also argues that the number of remaining defendants does not make joinder impracticable.

Again, applying the above analysis to the Mellow Mushroom's motion, the court reaches the same conclusion. Plaintiffs have not connected this defendant to any other defendant other than Paradise Productions (Mike Butler), a defendant KJ, who is alleged to have performed a copyrighted work on October 18, 2012. This does not link the Mellow Mushroom to the other defendants. Like the circumstance with Numans and QRC, this is a distinct event that plaintiffs have not shown to be connected with the alleged infringements by the other defendants.

In addition, plaintiffs' contention that the number of remaining defendants does not make joinder impracticable is unavailing. Plaintiffs set out with their complaint to sue and join together in one lawsuit 49 defendants. The fact that some of those defendants are no longer in the suit is of no real significance. The various defendants that remain will all have different factual situations and proof to present at trial, and the risk of mini-trials remains substantial.

10

Further, in light of the court's finding that the Mellow Mushroom should be severed from this case, the court does not need to reach the Mellow Mushroom's motion to dismiss under Rule 12(b)(6). That motion will be denied with leave to renew.

III.

*Conclusion*

For the reasons discussed above, defendants Numans Café, the Mellow Mushroom, and Quality Restaurants Concepts will be severed from this action. Should plaintiffs wish to pursue their claims against these defendants, they will be required to file a separate action as to each defendant and pay a separate filing fee.[2] The remaining claims and defendants will not be severed at this time. The court will, however, entertain motions to sever from the remaining defendants. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge

---

[2] Plaintiffs saved over $19,000 in filing fees by filing one case against 49 defendants: 49 x $400.00 = $19,600.00.

11